IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ARBOR GLOBAL STRATEGIES LLC, a Delaware Limited Liability Company, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 19-1986 (MN) |
| XILINX, INC., | ) ) | |
| Defendant. | ) ) | |

**ORDER**

At Wilmington this 12th day of August 2020:

WHEREAS, on October 18, 2019, Plaintiff Arbor Global Strategies LLC ("Plaintiff") filed this action against Defendant Xilinx, Inc. ("Defendant") asserting infringement of four patents ("the Patents-in-Suit") (D.I. 1);

WHEREAS, on December 19, 2019, Defendant filed a motion to dismiss, arguing that the Court should dismiss this action under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure (D.I. 11; *see also* D.I. 12 & 13);

WHEREAS, Plaintiff opposes Defendant's motion (D.I. 15);

**A.     Rule 12(b)(1) Challenge**

WHEREAS, Defendant's motion to dismiss pursuant to Rule 12(b)(1) is based on a factual challenge to the Complaint,[1] which argues that Plaintiff lacks standing to assert the Patents-in-Suit because Arbor Company assigned the Patents-in-Suit to Mark and Mary Ann Guzy ("the Guzys")

---

[1] When resolving a 12(b)(1) factual standing dispute, "the Court is not confined to the allegations of the complaint, and the presumption of truthfulness does not attach to the allegations in the complaint [and] the Court may consider evidence outside the pleadings" to resolve any factual issues bearing on jurisdiction. *Samsung Elecs. Co. v. ON Semiconductor Corp.*, 541 F. Supp. 2d 645, 648 (D. Del. 2008).

pursuant to a 2009 agreement and there is no indication that the Guzys had reassigned the Patents-in-Suit to Arbor Company;

WHEREAS, in response to Defendant's standing challenge, Plaintiff offered evidence that the 2009 agreement was a Patent Collateral Assignment that transferred to the Guzys a collateral interest in the Patents-in-Suit subject to satisfaction of a judgment (*see, e.g.*, D.I. 15, Ex. 1 § VIII(B); *see also* D.I. 13, Ex. A);

WHEREAS, the judgment was satisfied (D.I 15, Exs. 4, 5);

WHEREAS, the rights the Guzys had in the Patents-in-Suit were extinguished as of August 1, 2019 (D.I. 15 at 7);

WHEREAS, on September 26, 2019, Arbor Company assigned its rights in the Patents-in-Suit to Arbor Global (D.I. 15, Ex. 6); and

WHEREAS, Plaintiff has sufficiently established standing based on the current record.[2]

B.      **Rule 12(b)(6) Challenge**

WHEREAS, Defendant's motion to dismiss pursuant to Rule 12(b)(6) argues that each of the claims of the Patents-in-Suit require "stacking" of certain integrated circuit die elements, but the Complaint itself alleges that the products accused of infringement are side-by-side and not stacked; and

WHEREAS, Defendant's motion to dismiss appears to be based on a disputed claim construction, which the Court declines to address on a motion to dismiss.

---

[2]     Should discovery reveal additional facts not presented to the Court in connection with the pending motion that cast doubt on the current record, the parties may raise standing again at an appropriate time.

3

THEREFORE, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss (D.I. 11) is DENIED.

                                                                  */s/ Maryellen Noreika*
                                                                The Honorable Maryellen Noreika
                                                                United States District Judge