# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARBOR GLOBAL STRATEGIES, LLC., <br><br> Plaintiff <br><br> v. <br><br> XILINX, INC., <br><br> Defendant. | C.A. No. 19-cv-01986-MN |

### XILINX INC.'S MOTION TO RECONSIDER 12(b)(6) ORDER
### OR IN THE ALTERNATIVE FOR CASE-DISPOSITIVE CLAIM CONSTRUCTION

FISH & RICHARDSON P.C.
Warren K. Mabey, Jr. (#5775)
222 Delaware Avenue, 17th Floor
Wilmington, DE 19801
(302) 652-5070
mabey@fr.com

David M. Hoffman
111 Congress Avenue, Suite 810
Austin, TX 78701
(512) 472-5070
hoffman@fr.com

Jeffrey Shneidman
One Marina Park Drive
Boston, MA 02210
(617) 542-5070
shneidman@fr.com

Dated: August 21, 2020                   ATTORNEYS FOR DEFENDANT
                                         XILINX, INC.

Defendant Xilinx respectfully asks the Court to reconsider its decision on Xilinx's motion to dismiss under FRCP 12(b)(6) in view of a recent filing by Plaintiff AGS that contradicts the arguments by AGS on which the Court relied in rendering its decision on Xilinx's motion.

In particular, the Court on August 12th denied Xilinx's motion because the motion "appears to be based on a disputed claim construction." D.I. 39 at 2. The Court presumably ruled in this manner because Plaintiff AGS represented to the Court in its opposition that a decision was "premature" because there was "a disputed claim construction issue." D.I. 15 at 14-15, 18. However, on August 18th, in a case pending in EDTX on three of the same patents in this case, Plaintiff asserted that the term "stacked" is entitled to its "plain and ordinary meaning." *See* Decl. of Mabey, Ex. 1 at 20 (Joint Claim Construction and Prehearing Statement, *Arbor Global Strategies. v. Samsung*, 2:19-cv-00333-JRG-RSP, Dkt. 58). Plaintiff cannot argue for a different construction in this case given that the same patents are at issue in this case.[1]

Accordingly, it appears that although Plaintiff argued to this Court that there was a claim construction dispute with regard to the term "stacked," there is simply not one for the purposes of considering a motion to dismiss. Plaintiff is not proposing a different construction for "stacked." This Court can and should accept Plaintiff's "plain and ordinary meaning" for the purpose of Xilinx's motion;[2] AGS's allegation of "*side-by-side*" structures are not "stacked" under the plain and ordinary meaning of that term. As noted in Xilinx's motion, AGS never even alleges that FPGAs are stacked with memories or processors as the claims require. The claims require those particular pieces be stacked and the only allegations with regard to the actual pieces that need to

---

[1] All four patents-in-suit are in the same family. One patent in this case is not asserted by Plaintiff in its EDTX case, but shares the same specification as a patent-in-suit, so Plaintiff cannot reasonably assert that the term "stacked" has a different meaning in this related fourth patent.

[2] For the purposes of this motion, Xilinx is accepting AGS's construction, as there can be no infringement under the plain meaning of the term "stacked."

1

be stacked is that they are side-by-side. D.I. 1 at ¶¶ 38, 41, 58, 74, 76, 93 ("Xilinx uses a silicon manufacturing process on which multiple die are set side-by-side and interconnected."). At no point in its opposition does AGS point to any accusation in the complaint that FPGAs are stacked with memories or processors – undoubtedly because they simply are not in the Accused Products. Accordingly, as AGS's new filing in EDTX makes it clear that AGS is proposing no special construction of the term "stacked," Xilinx respectfully moves for reconsideration.

*In the alternative*, to the extent that the Court still finds there to be an issue because this Court has not issued a claim construction order, Xilinx requests that the Court order an expedited claim construction process for this term. This can be done efficiently: Xilinx would propose three page claim construction briefs spaced one week apart beginning as soon as the Court can issue the order. The configuration of the accused products is a simple fact, and it is a waste of both public and private resources to proceed with this case where the products do not have—and were not alleged to have—the required stacking of FPGAs with memories or processors.

Accordingly, for the reasons set forth above and in Xilinx's original motion to dismiss under 12(b)(6), Xilinx respectfully requests that the Court reconsider its denial of Xilinx's motion and grant dismissal. Alternatively, Xilinx requests that the Court institute an expedited claim construction schedule for the term "stacked," so this case-dispositive term can be construed and the case proceed to a motion for judgment on the pleadings.

Dated:  August 21, 2020	FISH & RICHARDSON P.C.

By: */s/ Warren K. Mabey, Jr.*
　　Warren K. Mabey, Jr. (#5775)
　　222 Delaware Avenue, 17th Floor
　　Wilmington, DE 19801
　　(302) 652-5070
　　mabey@fr.com

　　David M. Hoffman
　　111 Congress Avenue, Suite 810
　　Austin, TX 78701
　　(512) 472-5070
　　hoffman@fr.com

　　Jeffrey Shneidman
　　One Marina Park Drive
　　Boston, MA 02210
　　(617) 542-5070
　　shneidman@fr.com

**ATTORNEYS FOR DEFENDANT
XILINX, INC.**

3

**RULE 7.1.1. CERTIFICATION**

The undersigned counsel for Defendant Xilinx Inc. certifies that counsel for Xilinx Inc. orally communicated with Delaware counsel for Plaintiff Arbor Global Strategies, LLC concerning this Motion to Reconsider 12(b)(6) Order or in the Alternative For Case-Dispositive Claim Construction, and counsel for Plaintiff Arbor Global Strategies, LLC indicated that Arbor Global Strategies, LLC would oppose this Motion.

Dated: August 21, 2020 /s/ *Warren K. Mabey, Jr.*
Warren K. Mabey, Jr. (#5775)