IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARBOR GLOBAL STRATEGIES, LLC., <br><br> Plaintiff <br><br> v. <br><br> XILINX, INC., <br><br> Defendant. | C.A. No. 19-cv-01986-MN |

XILINX INC.'S MOTION FOR
INTERLOCUTORY CERTIFICATION OF STANDING QUESTION
PURSUANT TO 28 U.S.C. § 1292(b)

At least one Federal Circuit judge has suggested that parties should seek interlocutory review of threshold standing issues early in the case when warranted. *See Abraxis Bioscience, Inc. v. Navinta LLC*, 625 F.3d 1359, 1368 (Fed. Cir. 2010) (Newman, J., dissenting from opinion overturning "three years of litigation" due to standing defect and starting her dissent by explicitly noting defendant "did not seek interlocutory review" of its motion to dismiss for lack of standing). *See also Sky Techs. LLC v. SAP AG*, 576 F.3d 1374, 1378 (Fed. Cir. 2009) (resolving standing question in patent case on interlocutory appeal); *Int'l Gamco, Inc. v. Multimedia Games, Inc.*, 504 F.3d 1273, 1274 (Fed. Cir. 2007) (same).

In order to save the parties and this Court from unnecessary litigation—where Xilinx believes that Plaintiff Arbor Global Strategies, LLC ("AGS") does not own the patents-in-suit and lacks standing—and to preserve its rights, Xilinx respectfully moves the Court to certify for interlocutory appeal under 28 U.S.C. § 1292(b) the portion of its August 12, 2020 Order denying Xilinx's motion to dismiss for lack of standing, D.I. 39.

I.    ARGUMENT

    A.    **The Court Should Certify the Order Finding AGS "Has Sufficiently Established Standing" for Interlocutory Appeal**

"Standing is a 'controlling question of law'. . . [S]uch questions are particularly well suited for an interlocutory appeal." *Klapper v. Commonwealth Realty Tr.*, 662 F. Supp. 235, 236 (D. Del. 1987). A trial court has discretion to certify an order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) where, as here, the order: (1) involves a "controlling issue of law"; (2) presents a question for which there is "substantial ground for difference of opinion"; and where (3) an immediate appeal of the order "may materially advance the ultimate termination of the litigation." *See Crystallex Int'l Corp. v. Petróleos De Venezuela, S.A.*, No. CV 15-1082-LPS, 2016 WL 7440471, at *1 (D. Del. Dec. 27, 2016). All of these conditions are met here, such that "'exceptional circumstances' merit a departure from the final judgment rule" than any appeal is normally taken at the end of the case. *See id.*

        1.    **The Court's Ruling Involves a Controlling Question of Law**

The Court's Order concluding that the "Plaintiff has sufficiently established standing based on the current record" is based on contractual interpretation—a question of law. *See CIGNEX Datamatics, Inc. v. Lam Research Corp.*, No. CV 17-320 (MN), 2020 WL 2063924, at *8 (D. Del. Apr. 29, 2020) ("Interpretation of a contract is ultimately a question of law."). Here, the parties do not appear to dispute any relevant facts, but do dispute the legal significance of these facts. The undisputed facts related to a February 2009 Agreement that states, in part:

> Assignor hereby **grants, assigns, and conveys to Assignee the entire right, title and interest** in and to the [Patents] including without limitation all proceeds thereof (such as, by way of example, license royalties and proceeds of infringement suits), **the right to sue for past, present and future infringements**, **all rights** corresponding thereto throughout the world and all reissues, divisions, continuations, renewals, extensions, and continuations-in-part thereof.

D.I. 13 Ex. A at ¶ 1. The February 2009 Agreement also states that:

2

> **At such time** as Assignee executes the Release, this Agreement shall terminate and Assignee **shall execute and deliver to Assignor all deeds, assignments and other instruments as may be necessary or proper to re-vest in Assignor full title to the Patents**, subject to any disposition thereof which may have been made by Assignee pursuant hereto.

D.I. 13 Ex. A at ¶ 8.

The questions of law before the Court were whether the February 2009 Agreement transferred ownership of the patents-in-suit to Mary Ann Guzy and Mark Guzy, and whether the 2009 Agreement could automatically revert ownership to AGS's purported predecessor in interest. The Court appears to accept AGS's argument that its purported predecessor-in-interest never assigned the patents to the Guzys, and whatever rights they had reverted to AGS's purported predecessor-in-interest.[1] The Court appears to reject Xilinx's position that the 2009 Agreement was a transfer of ownership and that the 2009 Agreement's ¶ 8 (laying out a future obligation to make an assignment "at such time [in the future]") was a "mere promise to assign rights in the future, not an immediate transfer of expectant interests," *Abraxis*, 625 F.3d at 1365.

These are "controlling issue[s] of law" in the meaning of 28 U.S.C. § 1292(b), because a finding for Xilinx on appeal and reversal would "require dismissal of the action." *See Crystallex Int'l Corp.*, 2016 WL 7440471, at *2. That is, if Xilinx is correct that the 2009 Agreement transferred ownership of the patents, then AGS does not own the patents-in-suit because it is undisputed that no further assignments of ownership rights were ever made and ¶ 8 is not self-executing. *Abraxis*, 625 F.3d at 1365. This litigation would necessarily be terminated, because AGS lacks standing.

---

[1] *See* D.I. 39 at 2 ("WHEREAS, in response to Defendant's standing challenge, Plaintiff offered evidence that the 2009 agreement was a Patent Collateral Assignment that transferred to the Guzys a collateral interest in the Patents-in-Suit subject to satisfaction of a judgment;… WHEREAS, the rights the Guzys had in the Patents-in-Suit were extinguished as of August 1, 2019;…")

### 2. There is Substantial Ground for Difference of Opinion Regarding the Interpretation of the February 2009 Assignment Agreement

Xilinx respectfully submits that there is substantial ground for a difference of opinion regarding the interpretation of the February 2009 Agreement, an issue of law.

Under the case law presented by Xilinx, the Agreement transferred full ownership of the patents-in-suit to Mary Ann Guzy and Mark Guzy that has not "extinguished." D.I. 19 at 1-3 (citing cases, including and not limited to *Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*, 925 F.3d 1225, 1229 (Fed. Cir. 2019); *Vaupel Textilmaschinen KG v. Meccanica Euro Italia SPA*, 944 F.2d 870, 875 (Fed. Cir. 1991); *In re Cybernetic Servs., Inc.*, 252 F.3d 1039, 1050-51 (9th Cir. 2001); *Abraxis*, 625 F.3d at 1364-68; and *Waterman v. Mackenzie*, 138 U.S. 252, 255 (1891)).

In opposition, AGS argued that the 2009 Agreement merely transferred "collateral interest" in the patents-in-suit, and did not require execution of any later assignment by the Guzys. *See generally* D.I. 15 at 6-9 (citing cases, including and not limited to *Applied Cos. v. U.S.*, 144 F.3d 1470, 1473-77 (Fed. Cir. 1998); *Roswell Capital Partners LLC. v. Beshara*, 436 F. App'x 34, 35 (2d Cir. 2011); *Kanematsu Corp. v. Advanced Materials Lanxide, LLC*, No. CIV.A. 01-190-JJF, 2002 WL 32332375, at *5-6 (D. Del. Sept. 30, 2002); *Gerber Sci. Int'l, Inc. v. Satisloh AG*, No. 07-cv-1382 (PCD), 2009 WL 2869705, at *5 (D. Conn. Sept. 2, 2009)).

Xilinx and AGS's countervailing arguments, and the variety of cases cited by the parties, demonstrate the substantial grounds for a difference in opinion. Specifically, AGS cites cases outside of the patent context and asserts that these govern, as laid out in AGS's opposition to Xilinx's motion. Xilinx cites cases from the Federal Circuit and cases involving patent "assignments" and believes that those govern, as laid out in Xilinx's motion and reply.

### 3.  An Immediate Appeal May Materially Advance the Ultimate Termination of the Litigation

An immediate appeal of the Order may materially advance the ultimate termination of this litigation, saving significant court costs.  Should interlocutory review of the Court's Order find that the 2009 Agreement did transfer the ownership of the patents and result in a reversal, this litigation would be terminated for lack of standing.

### 4.  The Threshold Issue Regarding Standing Is An Exceptional Circumstance Meriting Certification

The standing issues raised by Xilinx's 12(b)(1) motion and the Court's dismissal of same are critical threshold issues in this case.  The future decisions in this case are all under a cloud until this standing issue is definitively resolved, and it is both disconcerting and telling that AGS has not obtained the assignments it would need to evince standing.

Xilinx's belief is that AGS does not have standing and has no right to proceed in this lawsuit.  Without interlocutory review, AGS will soon be taking legal positions on the metes and bounds on the patent rights, and asking this Court to decide the scope of patent rights—that in Xilinx's understanding of the law do not belong to AGS.

As such, the questions of law at issue in the Court's Order present "exceptional circumstances" that merit interlocutory review at this early stage.  Resolution of the standing issue has the potential to "greatly conserve the resources of the judiciary and the parties," which courts have found to be an exceptional circumstance justifying certification.  *See Chase Manhattan Bank v. Iridium Africa Corp.*, 324 F. Supp. 2d 540, 546 (D. Del. 2004); *Klapper v. Commonwealth Realty Tr.*, 662 F. Supp. at 236 (finding questions of standing "particularly well suited for an interlocutory appeal").  Xilinx respectfully suggests that these circumstances merit the Court's exercise of discretion to certify the Order, D.I. 39, for interlocutory review.

5

### B. Xilinx Requests the Court Should Stay The Case Pending Appeal, But Requests the Court Certify the Appeal Regardless of Whether It Grants Stay

Pursuant to 28 U.S.C. § 1292(b), a district court may stay further proceedings pending the appeal of issues it certifies. Where, as here, further proceedings are dependent on the outcome of a certified appeal, district courts routinely grant stays. *See, e.g., Klapper*, 662 F. Supp 235 (D. Del. 1987) (issuing stay pending outcome of appeal on standing issue); *see also* D.I. 20-1, Ex. A , *Gerber Sci. Int'l, Inc. v. Satisloh AG*, No. 07-cv-1382 (D. Conn. Sept. 25, 2009) (issuing stay *sua sponte* pending review of standing question raised by disputed patent ownership). Because there is a serious standing cloud over this case, a stay is appropriate to defer the substantial investment of resources by both the parties and the Court until that cloud can be definitely addressed.

While Xilinx believes that a stay is appropriate, Xilinx also requests interlocutory certification of the standing question regardless of whether a stay is also granted by the Court.

## II. CONCLUSION

For the foregoing reasons, Xilinx respectfully requests that the Court certify the portion of its Order relating to Xilinx's standing challenge, D.I. 39, for interlocutory appeal, and stay the proceedings in this litigation.

Dated: August 21, 2020                FISH & RICHARDSON P.C.


By: */s/ Warren K. Mabey, Jr.*
    Warren K. Mabey, Jr. (#5775)
    222 Delaware Avenue, 17th Floor
    Wilmington, DE 19801
    (302) 652-5070
    mabey@fr.com

    David M. Hoffman
    111 Congress Avenue, Suite 810
    Austin, TX 78701
    (512) 472-5070
    hoffman@fr.com

    Jeffrey Shneidman
    One Marina Park Drive
    Boston, MA 02210
    (617) 521-7883
    shneidman@fr.com

**ATTORNEYS FOR DEFENDANT XILINX, INC.**

**RULE 7.1.1. CERTIFICATION**

The undersigned counsel for Defendant Xilinx Inc. certifies that counsel for Xilinx Inc. orally communicated with Delaware counsel for Plaintiff Arbor Global Strategies, LLC concerning this, and counsel for Plaintiff Arbor Global Strategies, LLC indicated that Arbor Global Strategies, LLC opposes this Motion.

| | |
|---|---|
| Dated: August 21, 2020 | */s/ Warren K. Mabey, Jr.* <br> Warren K. Mabey, Jr. (#5775) |