## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ARBOR GLOBAL STRATEGIES LLC,<br>a Delaware Limited Liability Company, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No.  19-1986-MN |
| XILINX, INC., a Delaware Corporation, | ) ) | |
| Defendant. | ) | |

### PLAINTIFF ARBOR GLOBAL STRATEGIES LLC'S OPPOSITION TO
### DEFENDANT'S MOTION FOR RECONSIDERATION

This Court should deny Defendant's Motion for Reconsideration ("Motion") because Defendant has not presented any reasonable grounds that would warrant reconsideration.  Rather, Defendant's reference to Arbor Global Strategies LLC's ("Arbor") filing in the Eastern District of Texas merely confirms that Defendant disagrees that it infringes based on its interpretation of the term "stacked", which is a fact that existed before the Court decided Defendant's Motion to dismiss.  Such a disagreement is not a unique consideration in a patent dispute.

As to Defendant's request for expedited claim construction on this term, the Court rejected that proposal when it issued the Scheduling Order on September 2, 2020, D.I. No. 47.  As the Court likely concluded, there is nothing specifically unique to Defendant's claim about the meaning of the term "stacking" which requires a deviation from the case schedule and multiple claim construction proceedings.  Defendant is also not representing that this is the only claim construction issue for the Court decide and has failed to identify any evidence to even suggest that it could any reasons it could prevail on its proposed claim construction, highlighting the tenuous nature of its request.

## ARGUMENT

Defendant's Motion should be denied because it does not satisfy any of the narrow circumstances under which a motion for reconsideration may be granted. Defendant tellingly omits the standard, presumably because it knows it plainly is not met here. Namely, Defendant ignores Local Rule 7.1.5's mandate that reconsideration should be granted only "sparingly," and identifies no (i) intervening change in controlling law; (ii) the availability of new evidence not available when the court made its decision; or (iii) a need to correct a clear error of law or fact to prevent manifest injustice. *See In re Energy Future Holdings Corp.*, 904 F.3d 298, 311 (3d Cir. 2018). Its Motion likewise presents none of the circumstances under which these types of motions are granted. Indeed, Defendant does not argue that the Court has patently misunderstood a party, made a decision outside the adversarial issues presented by the parties, or made an error not of reasoning but of apprehension. *See Schering Corp. v. Amgen, Inc.*, 25 F. Supp. 2d 293, 295 (D. Del. 1998).

Rather, as set forth more fully below, courts have routinely rejected the very grounds that is the basis for Defendant's Motion, which is namely "a request that [the] court rethink a decision already made" (*Smith v. Meyers*, No. 09-cv-00814, 2009 WL 5195928, at *1 (D. Del. Dec. 30, 2009)) and "repetition of arguments that were or should have been presented to the court previously." *Karr v. Castle*, 768 F. Supp. 1087, 1093 (D. Del. 1991), *aff'd sub nom. United States v. Carper*, 22 F.3d 303 (3d Cir. 1994).

### A.    Defendant Has Not Met the Standard for Reconsideration

Defendant merely parrots its initial motion to dismiss arguments without presenting any new evidence or change of law. Defendant hangs its hat on Arbor's position that the term "stacked" deserves its plain and ordinary meaning, and suggests that this is somehow "new" evidence without explanation. This is not new evidence. *Intel Corp. v. Future Link Sys., LLC*,

No. 14-cv-00377, 2017 U.S. Dist. LEXIS 14352, at *2 (D. Del. Jan. 27, 2017) (denying defendant's motion for reconsideration because defendant "simply repeats arguments that were previously raised . . . and does not add anything that could not have been presented to the Court before").  Arbor has maintained, as it did in its Opposition to Defendant's original Motion to Dismiss, that Defendant refers to its Accused Products as "stacked."  D.I. 15 at 10-13.  Arbor asserted in its Complaint that Defendant's Accused Products are "stacked."  D.I. 1 ¶¶ 33, 52, 69, 87.  And, as the Court noted in its Order, Defendant's claims to the contrary go to the interpretation of the claim term "stacked."  Thus, Defendant's present Motion merely repeats its conclusory arguments regarding "stacked" and does not identify any new evidence (or argument) from what it presented previously to the Court.

Further, Defendant's Motion is premised on attorney argument that the plain and ordinary meaning of "stacked" cannot include side-by-side.  Defendant's lack of evidence to support such argument do not present grounds to depart from the Court's established procedures for handling claim construction.  This is particularly true where Defendant refers to its "side-by-side" configuration of the Accused Products as "stacked," an issue that Arbor raised in its Opposition to the original Motion to Dismiss.  *See, e.g.*, Declaration of Kristopher Kastens ("Kastens Decl.") at Ex. 1; *see also id*. at Exs. 1-9.  Yet another example is reproduced in relevant part below:



Arbor has been consistent – Defendant's documents show that its Accused Products are "stacked," such that there is no "change" to justify Defendant's Motion, as well as no merit to Defendant's naked attorney arguments.

### B.  Early Claim Construction is Not Warranted

After letter briefing from the parties on this issue (D.I. 46), the Court rejected Defendant's proposal for early claim construction on "stacking." (D.I. 47). Indeed, Defendant's proposal will not result in any judicial efficiency and is unduly prejudicial to Arbor. It is likely that the Court will have to engage in another claim construction to address other terms, given the lack of merit to Defendant's claims regarding "stacked." There is substantial intrinsic evidence, as well as extrinsic evidence beyond just Defendant's descriptions of its "stacked" products, that demonstrate that the plain and ordinary meaning of the term "stacked" is consistent with Arbor's infringement allegations. *See e.g.*, Kastens Decl. Ex. 9 ("Another die-stacking approach takes multiple silicon die, and 'stacks' them side-by-side on a silicon interposer carrier").

Further, by its proposal, Defendant sought to dispose of the normal claim construction procedures, which includes an exchange of claim terms and intrinsic and extrinsic evidence in support of their respective positions, which would result in undue prejudice to Arbor. *See, e.g.*, *Location Based Services, LLC v. Sony Elecs. Inc.*, No. 18-cv-00283 (D. Del. Nov. 15, 2018) (denying Defendant's request for early claim construction because it was unduly prejudicial to plaintiff and the issue would likely involve reliance on extrinsic evidence and expert testimony). Given the complex nature of technology at issue, Defendant should be required to follow this Court's established claim construction disclosures to ensure complete briefing of the issues. Indeed, by denying Defendant's request for early claim construction, this Court did just that. *See* September 2, 2020 Scheduling Order (D.I. 47) (requiring the parties to brief claim construction issues with an understanding of the other party's position). Engaging in this process once in the case, rather than twice, promotes judicial efficiency and ensures that the parties can address all the issues regarding any given claim term.

As a final matter, Defendant has not raised an issue unique to this case, such that there is no compelling reason to justify phasing claim construction.

## **CONCLUSION**

For at least the foregoing reasons, the Court should deny Defendant's motion.

OF COUNSEL:

Paul J. Andre
Lisa Kobialka
James Hannah
Kristopher Kastens
KRAMER LEVIN NAFTALIS
& FRANKEL LLP
990 Marsh Road
Menlo Park, CA 94025
(650) 752-1700

Jonathan S. Caplan
Marcus A. Colucci
KRAMER LEVIN NAFTALIS
& FRANKEL LLP
1177 Avenue of the Americas
New York, NY 10036
(212) 715-9100

Dated: September 4, 2020
6861189

POTTER ANDERSON & CORROON LLP

By: */s/ Philip A. Rovner*
    Philip A. Rovner (#3215)
    Jonathan Choa (#5319)
    Hercules Plaza
    P.O. Box 951
    Wilmington, DE  19899
    (302) 984-6000
    provner@potteranderson.com
    jchoa@potteranderson.com

*Attorneys for Plaintiff*
*Arbor Global Strategies LLC*

- 6 -