## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ARBOR GLOBAL STRATEGIES LLC,<br>a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>XILINX, INC., a Delaware Corporation,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No.  19-1986-MN |

## PLAINTIFF ARBOR GLOBAL STRATEGIES LLC'S OPPOSITION TO DEFENDANT'S MOTION FOR INTERLOCUTORY CERTIFICATION

Defendant's Motion for Interlocutory Certification ("Motion") fails to satisfy any of the legal requirements necessary to certify an issue for interlocutory appeal. Defendant's disagreement with the Court's order denying its motion to dismiss does not create an "exceptional case" justifying departure from the ordinary practice of deferring appellate review until there is a final order. *Milbert v. Bison Labs., Inc.*, 260 F.2d 431, 433 (3d Cir. 1958). To the contrary, if accepted, Defendant's Motion would "open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation," which is contrary to Congressional intent and Third Circuit precedent. *Id*. Defendant's plainly deficient Motion and its attendant request for a stay reveals its apparent aim to delay resolution of Arbor Global Strategies, LLC's ("Arbor") patent infringement claims. The Court should not grant Defendant the extraordinary remedy it seeks.

## I.    ARGUMENT

### A.    INTERLOCUTORY APPEAL IS IMPROPER HERE

An interlocutory appeal is a narrow exception to and is inconsistent with the final judgment rule embodied in 28 U.S.C. § 1291. Nothing in the Court's order supports certifying such an appeal at this beginning stage of the case. Defendant fails to establish both the threshold

requirement "that 'exceptional circumstances justify a departure from the basic policy of postponing review until after the entry of final judgment'" and that the Court's order (i) involves a "controlling question of law"; (ii) decides an issue where there is "substantial ground for difference of opinion" as to the law; and (iii) whose immediate appeal would "materially advance the ultimate termination of the litigation." *In re Semcrude, L.P.*, Bank. No. 08-11525, 2010 WL 4537921, at *3 (Bankr. D. Del. Oct. 26, 2010) (citing 28 U.S.C. § 1292(b)); *see also In re Venoco, LLC*, Civ. No. 19-463-CFC, 2019 WL 2117638, at *2-3 (D. Del. May 15, 2019).  Notably, the court's analysis is not exclusive to these requirements; "leave to appeal may be denied for entirely unrelated reasons[,] such as the state of the appellate docket or the desire to have a full record before considering the disputed legal issue." *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974).

As set forth more fully below, interlocutory appeal is improper because standing is a mixed question of law and fact that, as the Court held but Defendant tellingly ignores, may develop in discovery.  And neither Defendant's disagreement with the Court's ruling nor its assertion that appellate review would conserve resources establishes a "substantial ground for difference of opinion" or an "exceptional" case warranting departure from the final judgment rule.  Indeed, by its Motion, Defendant seeks to make interlocutory review of orders on standing the rule, rather than the exception, in plain contravention of the final judgment rule in Section 1291 and the very narrow exception to that principle in Section 1292(b).

### 1.    Defendant Has Not Identified a Controlling Question of Law

Defendant failed to identify a "controlling question of law." 28 U.S.C. § 1292(b).  Even accepting Defendant's assumption that the Court's decision turned on "contract interpretation" (Br. at 2), "§ 1292(b) was not designed to secure interlocutory appellate review of the Court's interpretation of unambiguous contractual provisions.'" *Great Am. Ins. Co. of N.Y. v. Int'l Custom*

*Prods., Inc.*, Civil Action No. 3:09-124, 2011 WL 7037123, at *4 (W.D. Penn. Oct. 31, 2011) ("interlocutory review of a district court's interpretation of a contract is inappropriate because it 'involves mixed questions of law and fact.'").  *See also MCI WorldCom Commc'ns v. Commc'ns Network Int'l, Ltd*., 358 B.R. 76, 79 (S.D.N.Y. 2006) (denying leave to appeal; "mixed question[s] of law and fact [are] not generally suitable for interlocutory appeal.").[1]

Moreover, Defendant tellingly ignores that the Court held that "[s]hould discovery reveal additional facts not presented to the Court in connection with the pending motion that cast doubt on the current record, the parties may raise standing again at an appropriate time."  Dkt No. 39 at 2 n. 2.  No discovery has been taken and yet, Defendant seeks to have appellate review of the issue. For this additional reason, Defendant cannot satisfy this prong.  *See In re Physiotherapy Holdings, Inc.*, Case No. 13-12965-KG, 2017 WL 6524524, at *12 (Bankr. D. Del. Dec. 21, 2017) (rejecting motion to certify an order for interlocutory appeal where court ruled that a defense was "subject to further development in discovery.").

Because Defendant fails to identify a "controlling issue of law" within the meaning of 28 U.S.C. § 1292(b), its motion fails at its threshold.

### 2.      Defendant Has Not Demonstrated a "Substantial Ground for Difference of Opinion"

Further, Defendant has not demonstrated a "substantial ground for difference of opinion" on Arbor's standing.  Defendant declares—without citing any authority whatsoever—that because the parties advanced different arguments supported by different cases (which is not unexpected for a motion to dismiss), there is a "substantial ground for difference of opinion."  Not so.  Indeed, Arbor demonstrated that Defendant's cases are inapt here because they did not concern a *collateral*

---

[1]      Defendant cites *CIGNEX Datamatics, Inc. v. Lam Research Corp*., C.A. No. 17-320, 2020 WL 2063924, at *8 (D. Del. Apr. 29, 2020), which does not support its position; it did not involve a Section 1292(b) motion.

patent assignment expressly transferring patent rights as a "*security interest*" solely "to *secure satisfaction*" of judgments, nor did they disturb the black-letter law that security interests of *any* sort are extinguished by operation of law when the underlying debt is repaid, which indisputably happened here.  "A party's disagreement with the district court's ruling does not constitute 'a substantial ground for a difference of opinion' within the meaning of 1292(b)."  *Accenture Global Servs., GmbH v. Guidewire Software, Inc.*, 800 F. Supp. 2d 613, 622-23 (D. Del. 2011), *aff'd*, 728 F.3d 1336 (Fed. Cir. 2013); *see In re Essar Steel Minnesota v. Cleveland-Cliffs, Inc.*, 607 B.R. 409, 416 (Bankr. D. Del. 2019) (routine application of well-settled legal principles does not constitute a substantial ground for difference of opinion).  As set forth in Arbor's opposition to the dismissal motion (Dkt No. 15), standing is shown under well-settled legal principles.  Defendant's disregard of legal distinctions between a patent assignment and patent collateral assignment and of contract terms that expressly convey rights in the patents solely "to secure satisfaction" of the Judgments and state that additional documentation "*may* be" (not "is") necessary to re-vest title  (*id*. at 8), does not create "a substantial difference of opinion" within the meaning of § 1292(b).

Even setting aside Defendant's incorrect characterization of the parties' arguments and cases, at most, Defendant has shown that a difference of opinion exists, which under the law, is insufficient for interlocutory certification.  *See Princeton Digital Image Corp. v. Konami Digital Entm't Inc.*, C.A. No. 12-1461,-2017 WL 6290637, at *2 (D. Del. Dec. 11, 2017) ("[W]hile there may be ground for differences of opinion, [movant] has not demonstrated that it is substantial."); *In re Essar Steel*, 607 B.R. at 416 (same).  Indeed, inherent in every contested motion is a difference of opinion.  Certifying a decision for interlocutory appeal anytime there is a difference of opinion would subvert the purpose behind the final judgment rule and promote piecemeal appellate review.

### 3. Appeal of *Any* Dispositive Motion Could Advance the Termination of the Litigation

Defendant argues in passing—again, without citation to authority—that immediate appeal may "sav[e] significant court costs" and "materially advance the ultimate determination of this litigation." (Mot. at 5.)  This is true of every decision denying a motion to dismiss. It also ignores the important policy aims behind the very limited exception to the final judgment rule enshrined in § 1292(b) to "prevent[] 'the debilitating effect on judicial administration caused by piecemeal appellate disposition of what is, in practical consequence but a single controversy'" *Brace v. O'Neill*, 567 F.2d 237, 239 (3d Cir. 1977) (dismissing appeal from non-final order).  Such policy aims are particularly undermined by Defendant's Motion here, in view of the Court's ruling that standing may be raised again "[s]hould discovery reveal additional facts[.]" Dkt No. 39 at 2 n.2. *See, e.g.*, *Commonwealth Ins. Co. v. Underwriters, Inc.*, 846 F.2d 196, 199 (3d Cir. 1988) (denying leave to file interlocutory appeal; appellate review of challenges to the validity of arbitration clauses "would always have the potential to 'materially advance the ultimate termination of the litigation' . . . by eliminating the time required to obtain what may be an unenforceable arbitration award," but it would "frustrate . . . the long-standing federal policy against piecemeal review.").

### 4. This Case Does Not Present "Exceptional Circumstance" Warranting Certification

Defendant is wrong that there is a standing "cloud" over this case—the Court ruled on, and denied, Defendant's standing motion.  Defendant's argument boils down to an assertion that an "exceptional circumstance" exists whenever a Court denies a motion to dismiss based on standing issues.  Defendant is wrong.  An assertion that an immediate appeal would "save time and avoid having to resolve other factual and legal matters" does not "demonstrate that exceptional circumstances exist which justify the need for immediate review." *In re Magic Rests., Inc.*, 202 B.R. 24, 26 (Bank. D. Del. 1996).  Defendant plainly has not set forth any "exceptional

circumstances [to] justify a departure from the basic policy against piecemeal litigation and of postponing appellate review until after the entry of a final judgment.'" *In re Intel Corp. Microprocessor Antitrust Litig.*, MDL No. 05-1717- JJF, 2008 WL 11231434, at *2 (D. Del. Oct. 6, 2008) (citation omitted) (denying leave to file interlocutory appeal).

Moreover, Defendant relies on two cases, neither of which support its position.  Both cases involved issues of first impression, which is not the case here.  *See Chase Manhattan Bank v. Iridium Africa Corporation,* 324 F. Supp. 2d 540, 545-46 (D. Del. 2004) (issue of first impression that, if resolved on appeal, would narrow issues in that case and two parallel proceedings); *Klapper v. Commonwealth Realty Trust,* 662 F. Supp. 235, 236 (D. Del. 1987) (explaining that the issue of first impression led the court to certify the matter for appeal).  The Court's order here does not address an issue of first impression, nor does its resolution present "exceptional circumstances" that make immediate appellate review appropriate.  Defendant's contention that the Court's order is inconsistent with Defendant's "understanding of the law" (Mot. at 5) simply does not constitute an "exceptional circumstance."

## B.     A STAY IS UNWARRANTED AN WOULD PREJUDICE ARBOR

In arguing that the Court should stay this case pending an interlocutory appeal, Defendant tellingly ignores the factors that courts consider, including, among others, "the length of the stay requested" and "the injury that stay would inflict upon the non-movant."  *St. Clair Intellectual Prop. Consultants, Inc. v. Samsung Elecs. Co., Ltd.*, Civil Action No. 04-1436-JJF-LPS, 2010 WL 1213367, at *3 (D. Del. Mar. 28, 2010), *report and recommendation adopted*, 2010 WL 2978162 (D. Del. July 20, 2010) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)) (granting leave to file interlocutory appeal and denying request for stay).  Indeed, the stay Defendant seeks would be indefinite and only further delay this case that has already been pending for almost a year.

Defendant's only argument for a stay—that it would conserve judicial resources—is entirely speculative.  First, even if the Court grants Defendant's motion to certify an interlocutory appeal, the Circuit Court must then agree to hear the appeal.  *Milbert*, 260 F.2d at 434; *see also* 28 U.S.C. § 1292(b) (noting appeal is at Circuit Court's discretion).  Second, the timing of any Circuit Court decision is unknown, and should the Circuit Court affirm the Order, a stay will have only needlessly further delayed the resolution of the case.  *See, e.g.*, *St. Clair Intellectual Prop. Consultants, Inc.*, 2010 WL 1213367, at *5 (denying request for stay).  Accordingly, the Court should deny Defendant's motion for a stay if an appeal is permitted.

## **CONCLUSION**

For at least the foregoing reasons, the Court should deny Defendant's motion.


OF COUNSEL:

Paul J. Andre
Lisa Kobialka
James Hannah
Kristopher Kastens
KRAMER LEVIN NAFTALIS
& FRANKEL LLP
990 Marsh Road
Menlo Park, CA 94025
(650) 752-1700

Jonathan S. Caplan
Marcus A. Colucci
KRAMER LEVIN NAFTALIS
& FRANKEL LLP
1177 Avenue of the Americas
New York, NY 10036
(212) 715-9100

Dated: September 4, 2020
6860944

POTTER ANDERSON & CORROON LLP

By:  */s/ Philip A. Rovner*
    Philip A. Rovner (#3215)
    Jonathan Choa (#5319)
    Hercules Plaza
    P.O. Box 951
    Wilmington, DE  19899
    (302) 984-6000
    provner@potteranderson.com
    jchoa@potteranderson.com

*Attorneys for Plaintiff*
*Arbor Global Strategies LLC*