IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ARBOR GLOBAL STRATEGIES LLC, a )
Delaware Limited Liability Company, )
                                    )
                    Plaintiff,      )
                                    )
        v.                          )     C.A. No. 19-1986 (MN)
                                    )
XILINX, INC.,                       )
                                    )
                    Defendant.      )

## ORDER

At Wilmington this 8th day of September 2020:

Defendant moves for reconsideration (D.I. 42) of the Court's August 12, 2020 Order (D.I. 39) denying its motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  As stated in the Order, the Court denied the motion because it was based on a dispute over the construction of the claim term "stacked," which the Court declined to address on a motion to dismiss.  (D.I. 39 at 2).  In its motion for reconsideration, Defendant asserts that in a related case in the Eastern District of Texas, Plaintiff has asserted that "stacked" should have its plain and ordinary meaning and that the accused products are not "stacked" under that meaning because they are side-by-side.  (*See* D.I. 42 at 1-2).

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence."  *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).  "A proper Rule 59(e) motion . . . must rely on one of three grounds:  (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010).

Here, although Defendant suggests that Plaintiff's assertion in related litigation is "new evidence" such that reconsideration is appropriate, it is unclear whether Plaintiff's assertion in related litigation is, in fact, "new evidence."   In any event, Plaintiff's argument in the Texas litigation does not change this Court's decision here.   In its response to the motion to dismiss, Plaintiff asserted that Defendant refers to its Accused Products as "stacked" and Plaintiff offered some evidence to that effect.   As such, this is not an issue that is appropriate for resolution on a motion to dismiss.

THEREFORE, IT IS HEREBY ORDERED that Defendant's Motion for Reconsideration is DENIED.   IT IS FURTHER ORDERED that Defendant's alternative request for expedited claim-construction proceedings is DENIED.

The Honorable Maryellen Noreika
United States District Judge