**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

ARBOR GLOBAL STRATEGIES, LLC.,

                Plaintiff

        v.

XILINX, INC.,

              Defendant.

C.A. No. 19-cv-01986-MN

**XILINX INC.'S REPLY IN SUPPORT OF ITS MOTION FOR
INTERLOCUTORY CERTIFICATION OF STANDING QUESTION
PURSUANT TO 28 U.S.C. § 1292(b)**

The threshold issue of standing in this case is purely a question of law, over which there is a substantial difference of opinion, and reversal of the Court's Order would result in termination of the case. This Court's decision is thus the perfect candidate for interlocutory review: Rather than waiting to appeal the same threshold issue years from now, it makes sense to attend to the jurisdictional cloud right at the start, before the parties and this Court invest substantial resources to litigate this case. *See* 28 U.S.C. § 1292(b). AGS's opposition conjures up phantoms of "floodgates" with appeals of every motion to dismiss. That is nonsense: every case is evaluated on the merits, and it is rare for a plaintiff (as here) to assert a patent when it does not clearly possess the right to sue, because most plaintiffs correct that error. And it is rarer still for the issue (as here) to turn on questions of law on which there are a substantial difference of opinion. AGS's opposition ignores or mischaracterizes the actual circumstances of ***this*** case.

I.  **ARGUMENT**

    A.  **Interpretation of the February 2009 Agreement is a Question of Law**

Xilinx seeks to appeal a legal issue – the correct interpretation of the plain language of a contract. Contrary to AGS's suggestion, no mixed question of fact is at issue, nor does AGS

attempt to identify one.  There are no disputed facts here.  The questions of law at issue are these: did the February 2009 Agreement, as a matter of law, assign ownership of the Patents or a mere security interest; and, as a matter of law, did it require that the Assignee execute an assignment in order for title of the Patents to re-vest in the Assignor?  Interpretation of a patent assignment is a question of Federal Circuit law.  *See DDB Techs. L.L.C. v. MLB Advanced Media, L.P.*, 517 F.3d 1284, 1290 (Fed. Cir. 2008) (finding assignment question to be "intimately bound up with the question of standing in patent cases. We have accordingly treated it as a matter of federal law.")  And, as courts in this district have concluded, questions regarding correct contract interpretation are controlling questions of law.  *See In re Broadstripe, LLC*, No. C09-10006 (CSS), 2009 WL 774401, at *2 (D. Del. Mar. 26, 2009) (concluding questions regarding contract were "controlling questions of law"); *see also EMSI Acquisition, Inc. v. RSUI Indem. Co.*, No. CV 16-1046-LPS, 2018 WL 2316633, at *3 (D. Del. May 22, 2018) ("The proper construction of any contract, including an insurance contract, is purely a question of law.")  In contrast, AGS cites non-analogous cases from outside of this district to argue that interpretation of the February 2009 Agreement involves some unidentified factual question.  *See* D.I. 51 at 2-3.  No such factual dispute exists here.

AGS repeatedly refers to language in the Court's Order to the effect that Xilinx may raise standing as an issue again if discovery reveals any additional facts not previously presented to the Court that "cast doubt on the current record."  D.I. 39 at 2 n.2.  AGS's reliance on this footnote is misplaced.  It is AGS who has the burden, and AGS who would have already brought forward the relevant information.  *Samsung Elecs. Co. v. ON Semiconductor Corp.*, 541 F. Supp. 2d 645, 648 (D. Del. 2008).  Indeed, AGS did file evidence, D.I. 16-1 (Exhibits 1-6), and notably did not include a single assignment document from the Guzy individuals to anyone else.  Unlike the case

AGS cites, here the record on the issue of standing is ready for review.  *Cf. In re Physiotherapy Holdings, Inc.*, Case No. 13-12965-KG, 2017 WL 6524524, at *12 (Bankr. D. Del. Dec. 21, 2017) (factual issue required "further development.").  AGS had every incentive to disclose any additional evidence with its opposition that might shift the facts in its favor, such as a valid assignment.  It has not done so.  No further discovery is needed in order to determine what the February 2009 Agreement means as a matter of law.

> **B.      There is Substantial Ground for Difference of Opinion Regarding the Interpretation of the February 2009 Assignment Agreement**

Contrary to AGS's mischaracterization of the parties' legal arguments, AGS has not established standing in this matter by the use of "well-settled legal principles."  As Xilinx explained in its motion for interlocutory certification, D.I. 44, the parties cited conflicting cases regarding the meaning of certain assignment language – AGS cited cases from outside of the patent context, while Xilinx cited cases from the Federal Circuit and cases involving patent assignments specifically.  *Compare* D.I. 15 at 6-9 *with* D.I. 19 at 1-8.  Xilinx respectfully seeks certification for interlocutory review because there are "[c]onflicting and contradictory opinions" that govern and "provide substantial grounds for a difference of opinion," not because it merely disagrees with the Court's decision.  *Cf. In re Essar Steel Minnesota v. Cleveland-Cliffs, Inc.*, 607 B.R. 409, 416 (Bankr. D. Del. 2019) ("Conflicting and contradictory opinions may provide substantial grounds for a difference of opinion.")

AGS also offers an unsubstantiated view that this difference of opinion is not "substantial," and makes the empty observation that every contested motion involves difference of opinion.  AGS cites two non-analogous cases that simply are not relevant to ***this*** case's posture.  *Cf. Princeton Digital Image Corp. v. Konami Digital Entm't Inc.*, C.A. No. 12-1461,-2017 WL 6290637, at *2 (D. Del. Dec. 11, 2017) (concluding difference of opinion not substantial because movant for

interlocutory appeal had provided no analogous cases supporting its position); *In re Essar Steel Minnesota*, 607 B.R. at 416 (concluding difference of opinion not substantial because contract interpretation principles followed by the court were "well-established").  Here, both parties submitted "conflicting and contradictory" cases supporting different interpretations of the same contractual language, which the court in *In re Essar Steel Minnesota* noted could provide a substantial difference of opinion.  *See* 607 B.R. at 416.

## C.     Reversal on Question of Standing Would Terminate the Litigation

AGS does not dispute that Xilinx has met its burden on this prong.  It is plain that a reversal regarding the interpretation of the February 2009 Agreement would mean that AGS lacks standing.  And, "[i]f the plaintiff[][has] no standing, the litigation will be terminated, and such questions are particularly well suited for an interlocutory appeal."  *Klapper v. Commonwealth Realty Tr.*, 662 F. Supp. 235, 236 (D. Del. 1987) (noting that "for the same reason, the third prong of the test . . . is also met.")  AGS observes that appeal of "every decision denying a motion to dismiss" could materially advance the ultimate determination of a litigation, but that argument proves too much: not every such appeal meets the other 28 U.S.C. § 1292(b) threshold factors, and AGS does not and cannot seriously dispute that review of the Court's decision now—rather than several years from now—will save significant costs, time, and effort by the parties and the Court if Xilinx prevails.

## D.     The Threshold Issue Regarding Standing Is An Exceptional Circumstance Meriting Certification

As Xilinx set forth in its motion, potential resolution of questions regarding standing is an exceptional circumstance justifying certification.  Standing is a threshold issue – there simply is no case if AGS does not have standing.  As Xilinx stated, courts have recognized this and considered questions of standing to be appropriate for interlocutory appeal.  *See Klapper*, 662 F.

Supp. at 236.  Based on this rationale, allowing such appeals encourages orderly and prompt ascertainment that the prerequisites exist for an action.

AGS's opposition on this point cites wholly irrelevant cases that do not concern interlocutory appeals on threshold standing issues.  D.I. 51 at 5-6 (citing *In re Magic Rests., Inc.*, 202 B.R. 24, 26 (Bank. D. Del. 1996) (denying motion for interlocutory review of whether statutory language applied to defendant); *In re Intel Corp. Microprocessor Antitrust Litig.*, MDL No. 05-1717- JJF, 2008 WL 11231434, at *2 (D. Del. Oct. 6, 2008) (denying motion for interlocutory review of denial of motion to intervene filed by a repeat filer of frivolous claims who had no connection to the pending case)).  AGS's attempt to distinguish *Klapper* is also unconvincing.  The court's unequivocal statement in *Klapper* that questions of standing are "particularly suited for interlocutory appeal" was made without any regard as to whether the standing issue was one of first impression.  *See* 662 F. Supp. at 236.  Where there are substantial grounds for a difference of opinion, as here, the case is well positioned for interlocutory review. 28 U.S.C. § 1292(b).

### E.   Xilinx's Request for a Stay Furthers Resolution of a Threshold Issue and is Not Prejudicial

Xilinx has requested interlocutory review regardless of whether this Court grants a stay.  Xilinx has also argued that a stay makes sense here in order to resolve the threshold, jurisdictional issue before continuing to expend time and resources in a litigation if the plaintiff does not have standing.  AGS alludes to supposed prejudice it would suffer if a stay were granted, but it does not explain how it is harmed by a stay to resolve these issues.  AGS is a non-practicing entity with no employees.  *See* D.I. 31 at ¶ 5.  It does not compete against Xilinx.  Nor is AGS seeking an injunction.  D.I. 1 at 35.  A stay would have little impact on it or its ability to pursue its claims for damages if the interlocutory appeal resolves in AGS's favor.

## II.    CONCLUSION

For the foregoing reasons, Xilinx respectfully requests that the Court certify the portion of its Order relating to Xilinx's standing challenge, D.I. 39, for interlocutory appeal.  Separately, Xilinx also requests a stay of this litigation in favor of that interlocutory appeal.

Dated: September 11, 2020                FISH & RICHARDSON P.C.


By:   */s/ Warren K. Mabey, Jr.*
        Warren K. Mabey, Jr. (#5775)
        222 Delaware Avenue, 17th Floor
        Wilmington, DE 19801
        (302) 652-5070
        mabey@fr.com

        David M. Hoffman
        111 Congress Avenue, Suite 810
        Austin, TX 78701
        (512) 472-5070
        hoffman@fr.com

        Jeffrey Shneidman
        One Marina Park Drive
        Boston, MA 02210
        (617) 521-7883
        shneidman@fr.com

        **ATTORNEYS FOR DEFENDANT**
        **XILINX, INC.**