IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARBOR GLOBAL STRATEGIES LLC, a Delaware Limited Liability Company, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) )  C.A. No. 19-1986 (MN) |
| XILINX, INC., | ) ) ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

At Wilmington this 30th day of October 2020:

Before the Court is Defendant Xilinx, Inc.'s ("Defendant") motion for leave to certify an order for interlocutory appeal. (D.I. 44). Plaintiff Arbor Global Strategies LLC ("Plaintiff") opposes the motion. (D.I. 51). For the reasons set forth below, Defendant's motion is DENIED.

1. On October 18, 2019, Plaintiff filed the present action, alleging that Defendant's products and services that utilize integrated circuits with 3D Stacked Silicon Interconnects and high bandwidth memory infringe at least one claim of each of U.S. Patent Nos. 6,781,226, 7,126,214, 7,282,951 and RE42,035 ("the Patents-in-Suit"). (*See* D.I. 1 ¶¶ 24-43, 48-60, 65-78 & 83-95). Plaintiff also asserts that Defendant induces infringement by third parties who manufacture the accused products. (*See id.* ¶¶ 44-47, 61-64, 79-82 & 96-99).

2. On December 19, 2019, Defendant moved to dismiss the Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (*See* D.I. 11; *see also* D.I. 12 & 13). Defendant moved to dismiss under Rule 12(b)(1) on the basis that Plaintiff purportedly lacked standing to assert the Patents-in-Suit because Arbor Company had assigned the Patents-in-Suit to Mark and Mary Ann Guzy in 2009 and there was no indication that the Patents-in-Suit were

assigned back to Arbor Company.[1]  (D.I. 12 at 7-9).  As made clear in its briefing, Defendant launched a factual challenge to Plaintiff's standing to assert the Patents-in-Suit.  (*See, e.g.*, *id.* at 7 ("When evaluating Xilinx's factual challenge to AGS's constitutional standing under Fed. R. Civ. P. 12(b)(1), the Court does **not** presume AGS's pleadings are true." (emphasis in original))).

        3.        On August 12, 2020, the Court denied Defendant's motion to dismiss. (*See* D.I. 39).  After noting that Defendant's Rule 12(b)(1) standing challenge was a factual one, the Court evaluated the evidence presented and determined that Plaintiff had sufficiently established standing based on the available record.  (D.I. 39 at 1-2; *see also id.* at 1 & n.1 (noting character of Defendant's standing challenge under Rule 12(b)(1) and reciting relevant law)).  The Court also explained that the standing issue could be raised again if evidence obtained through discovery called into question the ownership of the Patents-in-Suit.  (*Id.* at 2 n.2).  Defendant's current motion seeks leave under 28 U.S.C. § 1292(b) to file an interlocutory appeal of the Court's denial of its motion to dismiss as it relates to this standing issue.  (*See* D.I. 44).  Plaintiff opposes. (*See* D.I. 51).

        4.        Under § 1292(b), a district court may certify an interlocutory appeal only when the order at issue (1) involves a controlling question of law upon which there is (2) substantial ground for a difference of opinion as to its correctness and (3) if appealed immediately may materially advance the ultimate termination of the litigation.  *See Chase Bank USA, N.A. v. Hess*, No. 08-121-LPS, 2011 WL 4459604, at *1 (D. Del. Sept. 26, 2011) (citing *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974)).  The party seeking leave to appeal must establish that "exceptional circumstances justify a departure from the basic policy of postponing review until after the entry of final judgment."  *In re Del. and Hudson Ry. Co.*, 96 B.R. 469, 472-73 (D. Del.

---

[1]    And then assigned from Arbor Company to Plaintiff Arbor Global Strategies LLC.

1989), *aff'd*, 884 F.2d 1383 (3d Cir. 1989); *see also Microsoft Mobile Inc. v. Interdigital, Inc.*, No. 15-723-RGA, 2016 WL 8302609, at *1 (D. Del. June 13, 2016) ("Interlocutory appeal is meant to be used sparingly and only in exceptional cases where the interests cutting in favor of immediate appeal overcome the presumption against piecemeal litigation." (internal quotation marks and citation omitted)). The decision of whether to certify an order under § 1292(b) for interlocutory appeal is committed to the Court's discretion. *See Katz*, 496 F.2d at 754.

5. As set forth above, the first requirement under § 1292(b) for certification of interlocutory review is that the order involves a controlling issue of law. A "controlling question of law" is "one which would result in a reversal of a judgment after final hearing." *Katz*, 496 F.2d at 747. "An order involves a 'controlling question of law' when it concerns a question of law, as opposed to one of fact or a mixed question of law and fact.'" *In re Maxus Energy Corp.*, 611 B.R. 532, 540 (D. Del. 2019). In its motion, Defendant argues that the Court's ruling on Plaintiff's standing to assert the Patents-in-Suit is a controlling issue of law because the Court's conclusion was "based on contractual interpretation." (D.I. 44 at 2). As such, in Defendant's view, the first requirement of § 1292(b) is satisfied. The Court disagrees.

6. Defendant ignores that its own motion to dismiss styled its primary standing attack as a ***factual*** challenge under Rule 12(b)(1). (*See* D.I. 12 at 7).[2] Defendant – and the Court – both noted that the standing issue raised by Defendant was a factual one and, therefore, the Court was not confined to the Complaint or required to accept Plaintiff's factual allegations as true in ruling on the motion. It seems somewhat disingenuous for Defendant to now disavow the factual nature

---

[2] Although Defendant also raised a cursory Rule 12(b)(6) challenge to statutory standing, the present motion for certification of interlocutory review is limited to the Rule 12(b)(1) arguments and the Court's ruling on the same. (*See, e.g.*, D.I. 44 at 5 ("The standing issues raised by Xilinx's 12(b)(1) motion and the Court's dismissal of same are critical threshold issues in this case.")).

3

of its standing challenge so as to try to fit within the narrow test for interlocutory review after receiving an unfavorable decision. Nevertheless, although the Court did interpret portions of a 2009 agreement to determine whether it was a Patent Collateral Assignment as argued by Plaintiff, the Court did more than simply interpret a contract in reaching its conclusion. (D.I. 39 at 1-2). The Court went further, noting that Plaintiff had offered evidence that the condition for reassignment of the Patents-in-Suit back to Arbor Company was satisfied. (*Id.* at 2). This latter finding is more than contract interpretation – rather, it is an assessment of whether an obligation set forth in a contract has been performed (*i.e.*, a mixed question of law and fact).[3] Additionally, that the Court left open the possibility for the record to develop in such a way that the standing issue could be revisited later suggests that the question of Plaintiff's standing is not solely an issue of law. This is further reason to reject Defendant's argument that the Court's order involves a controlling issue of law that is appropriate for immediate interlocutory review. Thus, Defendant has failed to demonstrate that the first condition of § 1292(b) is satisfied here.

7. In light of the Court's conclusion that Defendant has not raised a controlling question of law, the Court declines to address the other factors under § 1292(b) – *i.e.*, whether there are substantial grounds for a difference of opinion and whether an immediate appeal would materially advance the termination of the litigation. *See Chase Bank*, No. 08-121-LPS, 2011 WL 4459604, at *2 (finding it unnecessary to reach other factors in § 1292(b) analysis when movant has not shown a "controlling issue of law"). The Court does note, however, that Defendant has

---

[3] The Court likewise has some doubt that the first requirement of a § 1292(b) analysis would be satisfied even if the ruling at issue was based solely on contract interpretation. *See, e.g.*, *Ahrenholz v. Bd. of Trustees of Univ. of Illinois*, 219 F.3d 674, 676 (7th Cir. 2000) (Posner, J.) ("We also think that . . . the question of the meaning of a contract, though technically a question of law when there is no other evidence but the written contract itself, is not what the framers of section 1292(b) had in mind either.").

5

failed to convince the Court that there are "exceptional circumstances" here justifying the need for immediate review.  *See Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978).  Thus, the Court declines to certify an interlocutory appeal of its August 12, 2020 Order.

THEREFORE, IT IS HEREBY ORDERED that Defendant's motion for leave to certify an order for interlocutory appeal (D.I. 44) is DENIED.

                                                        */s/ Maryellen Noreika*
The Honorable Maryellen Noreika
United States District Judge